NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
THOMAS ELLINGTON,                   :
                                    : Civil Action No. 14-3440 (RMB)
         Plaintiff,                 :
                                    :
    v.                              :          **OPINION**
                                    :
HON. SUSAN L. CLAYPOOLE, J.S.C,     :
                                    :
         Defendant.                 :
_____:

**BUMB, District Judge:**

    This matter comes before the Court upon Plaintiff's submission of a civil complaint, executed pursuant to 42 U.S.C. § 1983, see Docket Entry No. 1 ("Complaint"), that arrived accompanied by Plaintiff's duly executed application to proceed in this matter in forma pauperis. See Docket Entry No. 1-1. In light of the information provided in this in forma pauperis application and the absence of three disqualifying strikes, the Court will grant Plaintiff in forma pauperis status and order the Clerk to file the Complaint.

    The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires this Court to screen the Complaint and sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

See 28 U.S.C. § 1915(e)(2)(B); Ashcroft v. Iqbal, 556 U.S. 662 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Here, the Complaint indicates that, about sixteen years ago, Plaintiff was convicted of a sexual offense that fell within the range of enumerated crimes of N.J. Stat. Ann. 2C:7-2(b) and, therefore, became subject to the registration requirement under N.J. Stat. Ann. 2C:7-1, et seq. ("Megan's Law"). See Docket Entry No. 1, at 3. Following that conviction, Plaintiff had other convictions, one in 2000 (based on a controlled substance offense) and others in 2003 and later (based on his failures to register under the Megan Law). See id.; see also id. at 5.

In 2013, Plaintiff filed an application with the Superior Court of New Jersey, Law Division, Burlington County, seeking relief from the registration requirement. See id. Hon. Susan L. Claypoole ("Judge Claypoole"), presiding over Plaintiff's action, denied that application. See id. at 5 (noting that Plaintiff failed to satisfy the prerequisite requirement of demonstrating that he had been offense-free for fifteen years).

In response to Judge Claypoole's ruling, Plaintiff commenced the action at bar. His Complaint does not dispute his controlled substance conviction in 2000 and his failures to register in 2003 and 2006. See generally, Docket Entry No. 1. However, pointing out that he has been incarcerated in Florida since November 1, 2010, Plaintiff maintains that Judge Claypoole erred in her

finding that he was obligated but failed to register in New Jersey in 2012 and 2013.  See id. at 3.  On the basis of this contention, and asserting that his convictions in 2000, 2003 and 2006 should be opened to "liberal construction" and ignored for the purposes of the Megan's Law, Plaintiff alleges that Judge Claypoole violated his rights by denying his application for relief from the registration requirement and seeks $1 million in damages.  See id. at 4.

Even if Plaintiff is correct in his assertion that Judge Claypoole erred in her factual or legal findings, his challenges are barred by judicial immunity.

The doctrine of absolute judicial immunity provides that "judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000); see also Mireles v. Waco, 502 U.S. 9 (1991) (per curiam).  To determine whether the judicial immunity doctrine applies, the Court must establish: (a) whether the judge's challenged act was "judicial" in nature;[1]

---

[1] An act is judicial in nature if "it is a function normally performed by a judge" and if the parties "dealt with the judge in [her] judicial capacity." Stump, 435 U.S. at 362. Importantly, "[a plaintiff's] allegations of bad faith [and] malice" on the part of the judge cannot overcome judicial immunity. Abulkhair v. Rosenberg, 457 F. App'x 89 (3d Cir. 2012) (quoting Mireles, 502 U.S. at 11).  Simply put, "an act does not become less judicial by virtue of an allegation of malice or corruption of motive," or that such action contains a legal or factual error, or was "unfair" or "controversial." Gallas, 211 F.3d at 769.

3

and (b) whether the judge acted in the "clear absence of all jurisdiction over the subject matter." Gallas, 211 F.3d at 768-69 (quoting Stump v. Sparkman, 435 U.S. 349, 356 n.6 (1978)).

Here, Plaintiff's filing of his application for relief from the registration requirement automatically vested Judge Claypoole with subject matter jurisdiction over his state action. Being called to preside over and resolve that action, Judge Claypoole issued her ruling, see Docket Entry No. 1, at 5, acting in her official capacity as the presiding tribunal. Thus, her ruling is covered by absolute judicial immunity.

Correspondingly, the Complaint is subject to dismissal.[2] An appropriate Order follows.

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**

Dated: June 6, 2014

---

[2] In a typical scenario, such dismissal would be without prejudice. See DelRio-Mocci v. Connolly Props. Inc., 672 F.3d 241, 251 (3d Cir. 2012) (courts freely grant leave to amend a deficient pleading); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). However, a prejudicial dismissal is warranted here since: (a) the Complaint, being as detailed as it is lengthy, unambiguously shows that Plaintiff's claims are limited to his attack on Judge Claypoole's ruling; and (b) Plaintiff cannot eliminate the judicial immunity bar by re-pleading these claims. See Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend is not warranted if the plaintiff's challenges make it abundantly clear that such amendment would be futile).